UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **LIBERTY HANGOUT**, a registered student organization at Kent State University; and **MICHAEL HEIL**, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>**BEVERLY J. WARREN**, in her official capacity as President of Kent State University; **LAMAR R. HYLTON**, individually and in his official capacity as Kent State University Dean of Students; **DEAN TONDIGLIA** in his official capacity as Director of Public Safety & Chief of the Kent State University Department of Public Safety; **RICK O'NEIL**, individually and in his official capacity as Kent State University Department of Public Safety lieutenant; and DOES 1-25;<br><br>Defendants. | Case No: _____<br><br>**COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND RELATED CLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Liberty Hangout and Michael Heil (collectively "Plaintiffs") bring this action against Defendants Beverly J. Warren, in her official capacity as President of Kent State University; Lamar R. Hylton, individually and in his official capacity as Kent State University Dean of Students; Dean Tondiglia, in his official capacity as Director of Public Safety & Chief of the Kent State University Department of Public Safety; Rick O'Neil, individually and in his official capacity as Kent State University Department of Public Safety lieutenant and DOES 1-25, for nominal, compensatory, punitive, declaratory and injunctive relief.

1

## INTRODUCTION

1. This action seeks to protect and vindicate fundamental rights. It is a civil rights action brought under the First and Fourteenth Amendments against government actors responsible for charging a university student club for the cost of beefed-up security at one of its events based on a fear that protesters opposed to the group's message will try to suppress it by threatening and/or committing violence prior to and during the event. By assessing such security fees against the Plaintiffs, Defendants, and each of them, are responsible for ratifying an unconstitutional heckler's veto, taxing protected speech and rewarding those who disrespect the solemn and precious freedoms safeguarded by the First and Fourteenth Amendments. Such a fee assessment against the student sponsors of the event effectively curtails their ability to hold it due to the high cost of security and amounts to a form of censorship and punishment.

## JURISDICTION AND VENUE

2. This action arises under the First and Fourteenth Amendments to the United States Constitution, and is authorized pursuant to 42 U.S.C. § 1983 in relation to Defendants' deprivation of the Plaintiffs' constitutional rights. Accordingly, this Court has federal question jurisdiction under 28 U.S.C. §§ 1331 & 1343.

3. Venue is proper under 28 U.S.C. § 1391(b). Each and all of the acts alleged herein were done by Defendants within Ashtabula County, Ohio.

4. This Court is authorized to grant a Declaratory Judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, implemented through Rule 57 of the Federal Rules of Civil Procedure, and to issue the injunctive relief requested by Plaintiff under Rule 65 of the Federal Rules of Civil Procedure; the requested injunctive relief under 28 U.S.C. § 1343(3); the requested damages under 28 U.S.C. § 1343(3); and attorneys' fees and costs under 42 U.S.C. § 1988.

## PARTIES

### A. Plaintiffs

5. Plaintiff Liberty Hangout is a registered student organization ("RSO") at Kent State University. It has an interest in promoting the Second Amendment and has repeatedly encountered difficulty with the university's administration in obtaining permission to sponsor pro-Second Amendment events.

6. Plaintiff Michael Heil is an individual residing in Powell, Ohio, a student at Kent State University, and president of its Liberty Hangout chapter.

### B. Defendants

7. Defendant Beverly J. Warren is the executive head of Kent State University and possesses full authority and responsibility over the administration of all affairs and operations of the University. Defendant Warren ultimately is responsible for all policies enacted and enforced at Kent State University, including the policies challenged herein. She acted under color of state law, and is sued in her official capacity.

8. Defendant Lamar R. Hylton is sued individually and in his official capacity as Kent State University Dean of Students. Defendant Hylton acted under color of state law by enforcing the policies and procedures challenged herein that were applied to deprive Plaintiffs of their constitutional rights.

9. Defendant Dean Tondiglia is sued individually and in his official capacity as Director of Public Safety and Chief of the Kent State University Department of Public Safety ("KSU Police Department"). Defendant Tondiglia acts as the ultimate authority for the KSU Police Department at the Kent campus and is responsible for its administration and policy-making, and has ultimate authority to approve the policies and procedures challenged herein that were applied

to deprive Plaintiffs of their constitutional rights. Tondiglia acted under color of state law, and is sued in his official capacity.

10. Defendant Rick O'Neil is sued individually and in his official capacity as a Kent State University Department of Public Safety lieutenant. Defendant O'Neil acted under color of state law by enforcing the policies and procedures challenged herein that were applied to deprive Plaintiffs of their constitutional rights.

11. Plaintiffs are unaware of the true names and/or capacities of defendants sued herein as DOES 1-25 and therefore sue said defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries, and damages set forth in this Complaint. Each defendant proximately caused injuries and damages because of their active participation in the subject incident, and/or because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, or tortious conduct. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiffs will ask leave to amend this Complaint subject to further discovery and investigation.

**FACTUAL BACKGROUND**

**A. Liberty Hangout Applies For Use Of KSU's Kiva Event Spaces**

12. Kent State University's ("KSU") student center, known as the Kent Student Center ("KSC"), is described as "dedicated to meeting the needs of our students, faculty/staff, and University guest. Our event spaces have the flexibility needed to support the many types of events taking place on campus each day. From student activities to conferences we have a space to meet

your needs."[1] KSC's first floor event space, known as the Kiva event space, is a 24' x 38', 4144 square foot auditorium that can accommodate 410 guests.[2] The Kiva event space is opened for expressive activity by part or all of the public.

13. On or about October 10, 2018, Plaintiff Michael Heil ("Heil") on behalf of KSU's Liberty Hangout chapter (collectively "Liberty Hangout") prepared and submitted an application for use of the Kiva event space on November 19, 2018, to host an event entitled "Let's Talk Gun Rights" featuring Kaitlin Bennett. Ms. Bennett is a KSU graduate, former president and founder of KSU's Liberty Hangout chapter, an avid gun enthusiast and Second Amendment advocate. The application was made via an online campus protocol.

14. On or about October 25, 2018, Liberty Hangout received confirmation from the KSU Student Center of a "hold" on the Kiva event space consisting of a breakdown of estimated costs. In addition to equipment and set-up labor costs, the estimate included event security costs totaling $1,798.40 chargeable to Liberty Hangout as follows:

| Police Officers (3.5 hours @ $48.00/hr) | 8 | $168.00 | $1,344.00 |
| Hall Security Personnel (4 hours @ $18.35/hr) | 5 | $73.40 | $367.00 |
| Hall Security Personnel (4 hours @ $21.85/hr) | 1 | $87.40 | $87.40 |

**B. KSU'S Event Security Fee Policy**

15. KSU's Policy Register PR 4-03.1(C)(3) (hereinafter "security fee policy") provides in pertinent part:

> (1) Sponsorship. All demonstrations, marches and **<u>non-university affiliated speakers</u>** … must be sponsored by a registered student organization or university department.
>
> * * *
>
> (3) Responsibility. In all instances, those sponsoring demonstrations, marches or speakers are responsible for making the necessary provisions to maintain the peaceful demeanor of the assembly, including the arrangements for marshals or other self-governing services in

---

[1] https://www.kent.edu/universityevents/event-spaces
[2] https://www.kent.edu/university-events/first-floor-event-spaces

5

cooperation with the assigned university security personnel. **The sponsoring group shall be responsible for all expenses and damages incurred to the university**.

(Emphasis added.)

16. KSU has not adopted any written policy standards providing guidance to its administrators in determining the conditions necessary to assess security fees or the process of evaluating and assessing the risk associated with the amount and type of security needed. Indeed, KSU's standards for the enforcement of its security fee policy lacks any objective, content-neutral and viewpoint-neutral written guidance.

    **C.**     **KSU's Security Fee Policy, Facially And Applied To Plaintiffs, Requires Reference To The Reactions Of Violent Mobs Targeting Politically Conservative Speakers**

17. KSU determines the amount of security fees it assesses against a group based upon the reaction to controversial speakers by hostile agitators. KSU makes no pretense that its security policy at any location on campus shifts the financial burden for security to RSOs. In response to Plaintiffs' concerns over the security charges estimated for Liberty Hangout's November 19, 2018, event, counsel for KSU's attorney provided this explanation:

> As you know, Ms. Bennett's recent September 29, 2018 rally on Kent State's campus required a significant law enforcement presence to ensure the safety of Ms. Bennett, rally attendees, and members of the University community. Because this event was not sponsored by a student organization, the University footed a bill of approximately $65,000.00 to provide necessary security. Since that rally, Ms. Bennett has made various claims on social media that she has received death threats and other threats of physical violence. Kent State would not be justified in ignoring these threats or the security needs attendant to Ms. Bennett's previous event as it considers how to best protect Ms. Bennett, Liberty Hangout, and members of the University community who may participate in the anticipated November 19 event.

18. Counsel's explanation failed to identify whether or what objective, content- and viewpoint-neutral standards prevent KSU from unconstitutionally enforcing its security fee policy.

**D.     Plaintiffs Intend To Engage In Expressive Activity At KSU In The Future**

19.     Plaintiffs intend to engage in protected speech activities in the future at KSU, including within the Kiva event space. Other RSOs at KSU are realistically likely to take advantage of the use of KSU's venues for protected speech activities as well. A realistic danger that the security fee policy will significantly compromise First Amendment protections for Plaintiffs as well as parties not before the Court exists and student speech activities are being chilled due to Defendants' enforcement of its security fee policy.

## LEGAL CLAIMS

## FIRST CLAIM FOR RELIEF

Violation of the First Amendment (42 U.S.C. § 1983) – Freedom of Speech

20.     Plaintiffs incorporate by reference the allegations in the preceding paragraphs, as if fully set forth herein.

21.     The Kiva event space is at minimum a limited public forum, or at least a designated public forum – as it must be, under state-wide regulations, and long-standing Supreme Court precedent. Accordingly, KSU is required to allow plaintiffs to bring speakers of their own choosing to speak on campus, free from unreasonable content and/or viewpoint content-based speech restrictions that are not narrowly tailored to serve a compelling government interest, and content-neutral time, place and manner restrictions that are not narrowly tailored to serve an important government interest or that fail to leave open ample alternative channels for the communication of the message.

22.     Defendants, acting under color of state law and according to KSU's security fee policy, custom, pattern, and practice, have failed to meet these constitutional standards by adopting and enforcing a facially and as-applied unconstitutional security fee policy that grants Defendants unfettered discretion to impose unreasonable security fees on Plaintiffs and other RSOs; which

7

Defendants have enforced according to the their whim and taste, or the demands of an off-campus mob of masked agitators.

23. Defendants' actions fail to meet constitutional scrutiny because the security fee policy is facially and as-applied unreasonable, and was adopted and enforced in a content-based and viewpoint-based discriminatory manner, with the effect of chilling, marginalizing, or banning the expression of conservative viewpoints on KSU campuses.

24. The security fee policy is unconstitutionally vague, and therefore void as a matter of law, both on its face, and as it is being applied to Plaintiffs.

25. As a direct and proximate consequence of Defendants' violation of Plaintiffs' federal civil rights under 42 U.S.C. § 1983 and the First Amendment, Plaintiffs have suffered and will suffer irreparable injury that cannot fully be compensated by an award of monetary damages.

26. Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining enforcement of the restrictions allowed or required by the security fee policy. Additionally, plaintiffs are entitled to monetary damages arising from the unconstitutional actions of Defendants and each of them, sued herein in their individual capacities, as well as reasonable costs of suit.

27. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF

Violation of the First Amendment (42 U.S.C. § 1983) – Freedom of Assembly

28. Plaintiffs incorporate by reference the allegations in the preceding paragraphs, as if fully set forth herein.

29. The First Amendment prohibits government from abridging the right of the people to assemble peaceably. Freedom of assembly is the individual right or ability of people to come together and collectively express, promote, pursue, and defend their ideas. The right to freedom of association is recognized as a human right, a political right and a civil liberty.

30. Defendants, and each of them, abridge Plaintiffs' right to assemble by imposing a draconian and unreasonable security fee for their scheduled event, thereby creating and enforcing a de facto prohibition on their right to assemble without government-approved endorsement of their message.

31. As a direct and proximate consequence of Defendants' violation of Plaintiffs' federal civil rights under 42 U.S.C. § 1983 and the First Amendment, Plaintiffs have suffered and will suffer irreparable injury that cannot fully be compensated by an award of monetary damages.

32. Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining enforcement of the restrictions allowed or required by the security fee policy. Additionally, plaintiffs are entitled to monetary damages arising from the unconstitutional actions of Defendants and each of them, sued herein in their individual capacities, as well as reasonable costs of suit.

33. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

### THIRD CLAIM FOR RELIEF

Violation of the First Amendment (42 U.S.C. § 1983) – Retaliation

34. Plaintiffs incorporate by reference the allegations in the preceding paragraphs, as if fully set forth herein.

35. Plaintiffs and their members have engaged in constitutionally protected speech, namely, holding and expressing conservative viewpoints by inviting conservative speakers to speak on the KSU campus.

36. By treating Plaintiffs and their members differently from similarly situated students, student organizations, and members of the public because they are conservative and because of their conservative beliefs, among other things, Defendants, acting under color of state law and according to policy and practice, have retaliated against Plaintiffs and their members for holding and expressing disfavored views, and in so retaliating, have engaged in conduct that would chill a person of ordinary firmness from continuing to engage in the protected speech activity.

37. Plaintiffs and their members' actions in holding and expressing disfavored views was a substantial and motivating factor in Defendants' retaliation against them by imposing unlawful restrictions on Plaintiffs and their members' federal civil rights secured under 42 U.S.C. § 1983 and the First Amendment, causing Plaintiffs to suffer and continue in the future to suffer irreparable injury that cannot be fully compensated by an award of monetary damages.

38. Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining Defendants' retaliation against Liberty Hangout and its members for their utterances of protected speech.

39. Additionally, Plaintiffs are entitled to monetary damages arising from the unconstitutional actions of Defendants, and each of them, sued herein in their individual capacities, as well as reasonable costs of suit.

40. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

**FOURTH CLAIM FOR RELIEF**

Violation of the Fourteenth Amendment (42 U.S.C. § 1983) – Due Process

41. Plaintiffs incorporate by reference the allegations in the preceding paragraphs, as if fully set forth herein.

42. Defendants, acting under color of state law and according to a policy, pattern and practice, have enacted a security fee policy, which is vague, overbroad, and improperly affords Defendants unfettered discretion in its application, and therefore deprives Plaintiffs of their clearly established due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.

43. As a direct and proximate consequence of Defendants' violations of Plaintiffs federal civil rights under 42 U.S.C. § 1983 and the Fourteenth Amendment, Plaintiffs have suffered and will suffer irreparable injury that cannot fully be compensated by an award of monetary damages.

44. Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining enforcement of the security fee policy. Additionally, Plaintiffs are entitled to monetary damages arising from the unconstitutional actions of Defendants, and each of them, sued herein in their individual capacities, as well as reasonable costs of suit.

45. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

**FIFTH CLAIM FOR RELIEF**

Violation of the Fourteenth Amendment (42 U.S.C. § 1983) – Equal Protection

46. Plaintiffs incorporate by reference the allegations in the preceding paragraphs, as if fully set forth herein.

47. By treating Plaintiffs and their members, differently from similarly situated students, student organizations, and members of the public because they are conservative and because of their conservative beliefs, among other things, Defendants, acting under color of state law and according to policy and practice, have engaged in actions that discriminate on the basis of political status and belief and have therefore deprived Plaintiffs of their clearly established equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution.

48. As a direct and proximate consequence of Defendants' violations of Plaintiffs' federal civil rights under 42 U.S.C. § 1983 and the Fourteenth Amendment, Plaintiffs have suffered and will suffer irreparable injury that cannot be fully compensated by an award of monetary damages.

49. Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining enforcement of the security fee policy. Additionally, Plaintiffs are entitled to monetary damages arising from the unconstitutional actions of Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray for relief and judgment against Defendants, jointly and severally, as follows, in amounts according to proof:

1. For judgment in favor of Plaintiffs against Defendants;

2. For all damages legally and/or proximately caused to Plaintiffs by Defendants in an amount to be determined at trial;

3. For a declaration that Defendants violated 42 U.S.C. § 1983;

4. For a declaration that Defendants violated the First and Fourteenth Amendments to the United States Constitution;

5. For nominal damages for the past loss of their constitutional rights as set forth in this Complaint;

6. For compensatory damages according to proof;

7. For punitive and exemplary damages for all claims for which such damages are authorized;

8. For preliminary, and permanent injunctive relief prohibiting Defendants from enforcing their unconstitutional content- and/or viewpoint-based security fee policy against Plaintiffs and those similarly situated and from unconstitutionally ratifying a heckler's veto by inhibiting Plaintiff's First Amendment and Fourteenth Amendment rights of speech, expression, assembly and association and those rights belonging to third parties in the future.

9. For an award of reasonable attorneys' fees, costs and expenses pursuant to 42 U.S.C. § 1988 other applicable law;

10. For costs of suit incurred herein; and

11. For such other and further relief as the Court deems just and proper.

/ / /

/ / /

/ / /

DATE: November 7, 2018

| FREEDOM X | LAW OFFICES OF MICHAEL A. MALYUK |
|---|---|
| *s/ William J. Becker, Jr.* | *s/ Eric S. McDaniel* |
| William J. Becker, Jr.<br>(CA Bar No. 134545)<br>(Pro Hac Vice admission pending)<br>www.FreedomXLaw.com<br>11500 Olympic Blvd., Suite 400<br>Los Angeles, CA 90064<br>Telephone:  (310) 636-1018<br>Fax: (310) 765-6328<br>Email: bill@freedomxlaw.com | Eric S. McDaniel (0090827)<br>138 Stow Avenue<br>Cuyahoga Falls, Ohio 44221<br>www.malyuk.com<br>Telephone: (330) 929-9700<br>Fax: (330) 929-9720<br>Email: eric@malyuk.com |
| Attorneys for Plaintiffs, Michael Heil and Liberty Hangout | Attorneys for Plaintiffs, Michael Heil and Liberty Hangout |

<u>DEMAND FOR JURY TRIAL ON FOLLOWING PAGE</u>

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs Michael Heil and Liberty Hangout demand trial by jury on all individual claims they bring against their attackers in this action of all issues so triable.

Dated: November 6, 2018

| FREEDOM X | LAW OFFICES OF MICHAEL A. MALYUK |
|---|---|
| *s/ William J. Becker, Jr.* | *s/ Eric S. McDaniel* |
| William J. Becker, Jr. | Eric S. McDaniel (0090827) |
| (CA Bar No. 134545) | 138 Stow Avenue |
| (Pro Hac Vice admission pending) | Cuyahoga Falls, Ohio 44221 |
| www.FreedomXLaw.com | www.malyuk.com |
| 11500 Olympic Blvd., Suite 400 | Telephone: (330) 929-9700 |
| Los Angeles, CA 90064 | Fax: (330) 929-9720 |
| Telephone: (310) 636-1018 | Email: eric@malyuk.com |
| Fax: (310) 765-6328 | |
| Email: bill@freedomxlaw.com | |
| | Attorneys for Plaintiffs, Michael Heil and Liberty Hangout |
| Attorneys for Plaintiffs, Michael Heil and Liberty Hangout | |

VERIFICATION ON FOLLOWING PAGE

15

## VERIFICATION

I, Michael Heil, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S.C. § 1746.

*[signature]*
Michael Heil, *in his personal capacity and his official capacity as president of Liberty Hangout*

Dated: November 6, 2018

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of November, 2018, I electronically filed the foregoing document with the Clerk of the United States District Court using the CM/ECF system which will send notification of such filing to all parties who are registered with the CMECF system.

DATED this 7th day of November, 2018

By: <u>/s/ Eric S. McDaniel</u><br>Eric S. McDaniel (0090827)