**DECL. OF WILLIAM J. BECKER, JR. – EXH. "C"**



LISTEN. SOLVE. EMPOWER.

P: 330.253.5060  F: 330.253.1977  W: bmdllc.com
75 East Market Street, Akron, Ohio 44308

**Daniel J. Rudary**
P: 330-253-5060
F: 330-253-1977
E: djrudary@bmdllc.com

October 31, 2018

**VIA ELECTRONIC MAIL**

William J. Becker, Esq.
FreedomX
freedomxlaw@gmail.com

*RE:    Liberty Hangout/Michael Heil*

Dear Mr. Becker:

We are in receipt of your correspondence regarding Liberty Hangout and Michael Heil dated October 29, 2018.

Your letter takes issue with Kent State University's decision to charge $1,798.40 in security costs to Liberty Hangout for an anticipated student event sponsored by Liberty Hangout featuring Kaitlin Bennett. Please note that the University's assessment of security costs is viewpoint neutral and is based on the University's objective review of the security needs presented by any given student event.

As stated in Section 4-03.1 of the University's Policy Register[1]:

> (3) Responsibility. In all instances, those sponsoring demonstrations, marches or speakers are responsible for making the necessary provisions to maintain the peaceful demeanor of the assembly, including the arrangements for marshals or other self-governing services in cooperation with the assigned university security personnel. ***The sponsoring group shall be responsible for all expenses and damages incurred to the university***.

University Policy Register, § 4-03.1(C)(3) (emphasis added).

Consistent with this policy, the University assesses similar security fees for other events venued in University facilities such as fraternity/sorority dances, cultural events, and other student events. The University's right to do so is grounded in the Supreme Court's recognition that a public institution of higher learning is entitled to "impose reasonable regulations […] upon the

---

[1] For reference, I have enclosed both Sections 4-03.1 and 4-03.101 of the University's Policy Register with this correspondence.

use of its campus and facilities" and is not required "to grant free access to all of its grounds or buildings." *Widmar v. Vincent*, 454 U.S. 263, 268 n.5 (1981).

While your letter cites to an unpublished district court opinion from Washington state, the Ninth Circuit precedent that the district court relied on runs contrary to your assertion that the University may not consider circumstances attendant to speech as a basis for imposing viewpoint neutral restrictions:

> The "heckler's veto" concerns raised by the dissent would be troubling in a traditional or designated public forum, but they do not carry the same weight in a limited public forum. Excluding speech based on an anticipated disorderly or violent reaction of the audience is a form of content discrimination, generally forbidden in a traditional or designated public forum. In a limited public forum, however, what's forbidden is viewpoint discrimination, not content discrimination. That does not mean "heckler's veto" concerns have no relevance in a limited public forum: A claimed fear of hostile audience reaction could be used as a mere pretext for suppressing expression because public officials oppose the speaker's point of view. That might be the case, for example, where the asserted fears of a hostile audience reaction are speculative and lack substance, or where speech on only one side of a contentious debate is suppressed.

*Seattle Mideast Awareness Campaign v. King Cty.*, 781 F.3d 489, 502–03 (9th Cir.2015) (internal citations/quotations omitted).

In the Sixth Circuit, it is well-established that a public university campus is a limited public form. *See Gilles v. Garland*, 281 Fed.Appx. 501 (6th Cir.2008) (holding that the academic quad of Miami University is a limited public forum); *Gilles v. Miller*, 501 F.Supp.2d 939 (W.D. Ky. 2007) (holding that Murray State University in Kentucky is a designated, or limited, public forum). Accordingly, Kent State University may impose reasonable viewpoint neutral restrictions on speech. The complained-of security costs are consistent with this rule.

The concerns that prompted the University's assessment of security costs for Ms. Bennett's November 19 event are not "speculative." Nor do they "lack substance." As you know, Ms. Bennett's recent September 29, 2018 rally on Kent State's campus required a significant law enforcement presence to ensure the safety of Ms. Bennett, rally attendees, and members of the University community. Because this event was not sponsored by a student organization, the University footed a bill of approximately $65,000.00 to provide necessary security. Since that rally, Ms. Bennett has made various claims on social media that she has received death threats and other threats of physical violence. Kent State would not be justified in ignoring these threats or the security needs attendant to Ms. Bennett's previous event as it considers how to best protect Ms. Bennett, Liberty Hangout, and members of the University community who may participate in the anticipated November 19 event.

I trust that this satisfactorily addresses your concerns. If you have any further questions, please do not hesitate to contact me directly.

Sincerely,

Daniel J. Rudary

cc: Gary Spring, Esq. (gspring@bmdllc.com)
Eric McDaniel, Esq. (eric@malyuk.com)

4835-1542-8729, v. 1