UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Liberty Hangout, et al., | ) | CASE NOS.: 5:18CV2567 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| v. | ) | |
| Beverly J. Warren, et al., | ) | |
| | ) | **ORDER** |
| Defendants. | ) | (Resolves Docs. 27, 30) |

Plaintiffs Liberty Hangout and Michael Heil filed their complaint on November 7, 2018 and sought a temporary restraining order.  Specifically, Plaintiffs asserts that Defendants' application of the then-existing event security fee policy violated the Plaintiff's First Amendment rights.  This Court held a hearing on the motion for a TRO on November 13, 2018.  During the hearing, the Court announced that it would grant the TRO and placed the TRO on the docket on November 16, 2018.  The Court also scheduled a preliminary injunction hearing for December 13, 2018.

On December 5, 2018, Defendants moved to cancel the hearing for a preliminary injunction.  Doc. 27.  Defendants assert that they have rescinded the portion of the security fee policy challenged by Plaintiffs.  Defendants have also asserted that they have not assessed fees for the event held by Plaintiffs that prompted this litigation and have forever waived their right to seek to collect such fees.   Based upon those assertions, Defendants assert that any claim for injunctive relief has been rendered moot.

Plaintiffs have opposed the motion to cancel the hearings, and Defendants have replied. Plaintiffs have also sought leave to file a sur-reply.  Doc. 30.  The motion is GRANTED, and the Court has considered the sur-reply.

Article III of the Constitution confines the power of the federal courts to adjudication of "cases" or "controversies". U.S. Const. art. III, § 2. *Allen v. Wright*, 468 U.S. 737, 750 (1984). The mootness doctrine, a subset of the Article III justiciability requirements, demands a live case-or-controversy when a federal court decides a case. *Burke v. Barnes*, 479 U.S. 361, 363 (1987). Legislative repeal or amendment of a challenged statute while a case is pending usually eliminates this requisite case-or-controversy because a statute must be analyzed in its present form. *See, e.g., Kremens v. Bartley*, 431 U.S. 119, 129 (1977); *Hall v. Beals*, 396 U.S. 45, 48 (1969). Applying this principle in the First Amendment context, the Supreme Court has routinely declared moot those claims effectively nullified by statutory amendment pending appeal. *Massachusetts v. Oakes*, 491 U.S. 576, 582–84 (1989); *Bigelow v. Virginia*, 421 U.S. 809, 817–18 (1975). In both *Oakes* and *Bigelow* the Court refused to reach the First Amendment arguments because legislative amendment of the challenged statute while the case was pending rendered the issue moot. *See Bigelow*, 421 U.S. at 817–18; *Oakes*, 491 U.S. at 583–84.

Defendants seek the same result the Supreme Court reached in *Oakes* and *Bigelow*.  They contend that rescission of the offending policy and waiver of its application to Plaintiffs' event has mooted any request for injunctive relief.  While Plaintiffs have opposed the motion, the opposition is unpersuasive.

First, Plaintiffs contend that their request for injunctive relief falls within an exception to the mootness doctrine.  The Supreme Court has carved out a mootness exception for issues "capable of repetition, yet evading review." *Southern Pac. Terminal Co. v. ICC*, 219 U.S. 498, 515

(1911). In *Weinstein v. Bradford*, 423 U.S. 147 (1975), it limited the "capable of repetition, yet evading review" doctrine to situations where: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration; and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Id*. at 148.

Plaintiffs have not established that there is a reasonable expectation that they will be subjected to the same action again.  Instead, the sur-reply makes clear that Plaintiffs anticipate amending their complaint to challenge the newly-altered policy.  Any such amendment and the arguments to follow will not be in any manner tied to the rescinded administrative provision that was at issue when the Court granted a temporary restraining order.  Thus, while Plaintiffs may allege a similar First Amendment claim, it will not be a claim that mimics its now-existing claim for relief.  As such, Plaintiffs' have not demonstrated that an exception to the mootness doctrine is applicable to the facts in this case.

Defendants' motion to cancel the preliminary injunction hearing is GRANTED. [1] However, the Court will utilize the existing date and time as a scheduling conference.  A party representative with settlement authority from each party and lead counsel from each party shall attend the scheduling conference.

IT IS SO ORDERED.


December 10, 2018              */s/ John R. Adams*
                               JUDGE JOHN R. ADAMS
                               UNITED STATES DISTRICT JUDGE

---

1 The Court's order does not foreclose any of the arguments raised in Plaintiffs' sur-reply.  If Plaintiff seeks and obtains leave to amend the complaint, nothing in this order will preclude a future hearing for relief on new allegations.