UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Liberty Hangout, et al., | ) | CASE NOS.: 5:18CV2567 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| v. | ) | |
| Beverly J. Warren, et al., | ) | |
| | ) | **ORDER** |
| Defendants. | ) | (Resolves Docs. 2, 3, and 35) |

Pending before the Court is a motion to dismiss filed by the Kent State Defendants.  Doc. 35.  Plaintiffs Liberty Hangout and Michael Heil have opposed the motion, and Defendants have replied.  The motion is GRANTED.

On November 7, 2018, Plaintiffs filed the instant suit seeking injunctive relief and damages.  Specifically, Plaintiffs challenged the enforcement of Kent State University Administrative Policy 4-03.1(C)(3).  Specifically, Plaintiffs contended that enforcement of the policy regarding the assessment of security costs for on-campus activities had a chilling effect on their First Amendment rights.  Plaintiffs sought to enjoin enforcement of the policy related to a speaking event that was scheduled to be held on November 19, 2018.  The Court granted the request for a temporary restraining order on November 16, 2018 and scheduled a preliminary injunction hearing for December 13, 2018.

On December 5, 2018, Defendants moved to cancel the preliminary injunction hearing.  In support, Defendants provided evidence that the policy at issue had been rescinded and that no fees

would be assessed against Plaintiffs for the event at issue.  After briefing, on December 10, 2018, the Court cancelled the preliminary injunction hearing and found that any request for injunctive or declaratory relief had become moot.

On January 7, 2019, Defendants moved to dismiss this matter for lack of subject matter jurisdiction.  Plaintiffs opposed the motion, and Defendants replied in support.  The Court now resolves the parties' arguments.

A straightforward application of Sixth Circuit precedent appears to compel dismissal of this matter.

> In the situation before us, Morrison seeks nominal damages based on a regime no longer in existence. To confer nominal damages here would have *no* effect on the parties' legal rights. See Utah Animal Rights, 371 F.3d at 1268 (McConnell, J., concurring) ("Where ... the challenged past conduct *did not give rise to a compensable injury* and there is no realistic possibility of a recurrence, nominal damages have no more legal effect than would injunctive or declaratory relief in the same case.") (emphasis added). Because nominal damages will not provide Morrison any redress, his suit fails to satisfy the second requirement for standing.

*Morrison v. Bd. of Educ. of Boyd Cty.,* 521 F.3d 602, 611 (6th Cir. 2008).  Herein, Plaintiffs have conceded that their request for prospective injunctive relief is moot.  Doc. 37 at 6.  However, they contend that suit may still go forward for several reasons.  The Court finds Plaintiffs' arguments unavailing.

First, Plaintiffs seek to argue that the policy that they challenge – a security fees policy – has not been rescinded.  Instead, Plaintiffs contend that said policy is an unwritten policy that has been applied an inconsistent manner.  However, Plaintiffs' complaint specifically challenged the administrative policy that was rescinded.  Moreover, there is no suggestion that the "unwritten fee policy" described in Plaintiffs' opposition can or will be enforced in the absence of the administrative policy that has been rescinded.

Similarly, Plaintiffs seem to suggest that the could amend their complaint to state a claim

that would generate the standing necessary to allow this matter to continue. Plaintiffs, however, have 1) failed to seek leave to amend, 2) failed to file a proposed amended complaint, and 3) failed to provide an analysis of how their proposed amendment would evade the result compelled by *Morrison*.

Additionally, Plaintiffs contend that *Morrison* is distinguishable because they seek to raise a facial challenge rather than an as-applied challenge. First and foremost, this argument is again premised on Plaintiffs' assertions regarding this alleged "unwritten" policy – a policy that has not to date been included in the complaint. Further, Plaintiffs have wholly failed to explain how this alleged policy survived the rescission of the written policy that was challenged in the complaint.

Simply stated, the holding in *Morrison* controls over the complaint and facts here, including those facts proposed by Plaintiffs that would be included in any amended complaint. Accordingly, the complaint must be dismissed for lack of subject matter jurisdiction.

Defendants' motion to dismiss is GRANTED. Plaintiffs' pending motions to proceed in forma pauperis (Docs. 2 and 3) are GRANTED. This matter is hereby dismissed without prejudice for lack of subject matter jurisdiction.

IT IS SO ORDERED.


Date: September 26, 2019                     */s/ John R. Adams*
                                              JUDGE JOHN R. ADAMS
                                              UNITED STATES DISTRICT JUDGE